Per Cxuiam.

The bill of sale was not fraudulent within the statute of frauds, (sess. 10. c. 10. ⅞ 2.) if made to secure a creditor his debt; though the effect of it might be to postpone *Mrs. Barclay's execution (2 Johns. Ch. Rep. 307, 308, 309.)
*93 2. The doctrine of the case of Hyslop v. Clark, (14 Johns. Rep. 462.) does not apply, for the bill of sale is not made void by the statute; and if by matter ex post facto, such as leaving part of the household goods in Gorham’s possession, as to which the execution of Mrs. Barclay might operate, this cannot invalidate the bill of sale itself, which, in its inception and consummation, was not fraudulent.
3. The discovery of new evidence, that Gorham’s note was not actually taken up, is immaterial. The plaintiff was the endorser, and had a right to be secured, (a)
denied.

 A bill of sale, or assignment of goods, declaring that the object is to secure, the vendee as surety for the vendor, and that in case the vendee shall become liable, that he may turn the goods out on execution, or that they should be at his disposal at private sale, accounting to the vendor for the proceeds, is in the nature of a mortgage, the possession of the vendor consistent with the face of the deed, and therefore not evidence of fraud, as to creditors. Marsh v. Lawrence, 4 Cowen, 461.