## CHARLES W. SPAULDING *vs.* SAMUEL AUSTIN.

A signed a note as surety for O, payable to H; and O, in order to secure A for becoming his surety, gave him an absolute bill of sale of a chaise, then in the possession of a third person, and of some other property in the posession of O. The whole was left in the same situation as before, no actual delivery or change of possession being made, except that notice of the transfer of the property to A, was given to the person holding the chaise, and he agreed to keep it for A. Afterwards the chaise was seized and taken away on an execution in favor of a creditor of O, and A took it from the possession of the officer. In an action of trespass brought by the officer against A for the chaise, it was held,

1. That although the note in which A had become surety might be usurious and void, yet he was entitled to hold the property assigned to him for his security, until he was indemnified, or relieved from the note.

2. That there had been a sufficient delivery and change of possession against the creditors of O.

3. That the fact of a part of the property being suffered to remain in the possession of the vendor, did not defeat the right of the vendee as to the residue, unless the transaction was fraudulent in fact.

4. That the jury were the proper judges, whether, from all the circumstances in the case, the sale was merely colourable, and made to defeat the rights of creditors, or was fair and *bona fide.*

This was an action of *trespass* for taking and carrying away a chaise, in which the jury found a verdict for the defendant, and was brought before this Court on exceptions filed by the plaintiff to the opinion of the court below.

It appears from the exceptions, That the defendant, on the 23d day of January, 1827, signed, as surety with one *Zenas Osgood,* a note for one hundred dollars payable to *Benjamin Hall ;* and *Osgood,* at the same time, to indemnify the defendant for signing the note, executed to him an absolute bill of sale of the chaise and a harness, and of twenty-eight sheep in *Cabot,* and of two cows then in *Osgood's* possession. The defendant was authorized to sell the property in order to pay the note, and he afterwards car-

ORANGE,
March,
1829.

Spaulding
vs.
Austin.

ried the harness to his own house ; but the cows remained in *Osgood's* possession, and were disposed of by him ; and the sheep remained in *Cabot*, and were attached by the creditors of *Osgood*. The chaise, at the time of the transaction, was in the possession of one *J. C. Hall*, to whom notice of the sale was given on the 8th or 10th of March following, and he agreed to keep it for the defendant.   While the chaise was so in the possession of *Hall*, the plaintiff, being a constable in the town of *Tunbridge*, seized it on an execution in favor of a creditor of *Osgood*, and the defendant took it out of the possession of the officer.

At the trial in the county court, *Hall* testified, that when information was given to him of the sale, he asked *Osgood* if he had sold the chaise to the defendant, and that he replied he had put it in defendant's possession to prevent its being attached by the cousin of *Osgood*, whom he owed.

*Jared Cilly* testified, that the defendant told him he did not buy the property of *Osgood*, but the same, together with a certain cutter, was turned out to him to secure him for signing the note, and that the cutter never went into the possession of the defendant.

The plaintiff offered evidence to prove that said note was usurious and void ; which evidence was objected to by the defendant, and was rejected by the court.

The plaintiff contended and requested the court to charge the jury, 1. That if the sale from *Osgood* to *Austin* was in fact conditional and in trust, to indemnify him, he having taken an absolute bill of sale, the said sale was fraudulent and void as against the creditors of *Osgood*, and the plaintiff was entitled to recover. 2. That the leaving the chaise in the same situation after the pretended sale until the attachment, rendered the said sale fraudulent and void as against the creditors of *Osgood*.    3. That the notice given to said *J. C. Hall*, was not a change of possession. 4. That the leaving of said cows, sheep, &c., included in said sale, in possession and at the disposal of *Osgood*, rendered the whole of said sale fraudulent and void as against the creditors of *Osgood*.    5. That possession of *Osgood* of the sheep and cows, and his disposal of the same, and neglecting from January to March to give any notice of the transfer of the chaise, were such conclusive badges of fraud, that unless satisfactorily explained, the jury should find for the plaintiff.   But the court refused so to charge the jury, but did charge them, among other things, That if the chaise at the time of the sale to the defendant, and at the time of the seizure of it by the plaintiff on the execution, was not in the actual custody of *Osgood*, but was in the possession of *Hall*, a third person, and that the defendant gave notice

of the sale to *Hall*, and *Hall*, at the request of the defendant, and with the consent of *Osgood*, agreed to keep the chaise for the defendant, or consented that it might remain in his possession for the benefit of the defendant, though he would not be accountable for it, and this was before the seizure of it, on the execution,there was a sufficient delivery or change of possession, and the sale would not be void in that respect.    The jury were further instructed, that although there might have been a sufficient change of possession, and although the signing of the note by the defendant as surety for *Osgood*, might constitute a sufficient consideration for the sale,yet if they found that the transaction was merely colorable, and the real object was not to give security to the defendant against his liability as surety, but the sale was made with an intent to protect the property against *Osgood's* creditors and defeat their rights, the sale would notwithstanding be void, and the plaintiff would be entitled to recover; and they were at liberty, if they thought proper, to infer that such was the object and intent of the parties to the sale, from the fact, if found, that there was an unnecessary and unreasonable amount of property transferred to the defendant for his security; from the defendant's suffering the other property included in the sale, the cows and sheep, to remain in the possession and use of *Osgood*, and a part of them to be disposed of by him; and from the delay of the defendant in taking possession of the chaise—that these circumstances, though not conclusive, were evidence to be weighed by the jury, in determining the object and intent of the sale.

*Mr. Collamer, in support of the exceptions.*—I.    The mere fact of the chaise being in *J. C. Hall's* possession, and he suffering it to remain there, disclaiming all responsibility, does not constitute him a depository.    It remained still in *Osgood's* possession.    The giving notice to *Hall* of the transfer, though it might be good under the statute of frauds and perjuries as between the parties, does not constitute such visible change of possession as to be evidence of property as to third persons.

II.    There is error in this; the taking an absolute bill of sale for a mere pledge is in itself a fraud on creditors, and the jury should have been so instructed.    1. It creates a secret trust which is ever bad as to creditors.    2. As the writing is conclusive, the vendor and his creditors cannot dispute it by parol, except on the ground of fraud, and if fraudulent,it is void.    3. It deprives creditors of their legal right of redemption.—14 *Johns. Rep.* 167, *Marsh* vs. *Wickham.*—14 *Id.* 458, *Hyslop et al.* vs. *Clark et al.* —16 *Mass. Rep.* 275.—1 *Sw. Dig.* 274.

ORANGE,
March,
1829.

Spaulding
vs.
Austin.

ORANGE,
*March*,
1829.

Spaulding
*vs.*
Austin.

*Smith and Peck, contra.*—The evidence offered to prove the note usurious was not pertinent to the issue. If the note was fraudulent and given to cover property from *bona fide* creditors, the note might be avoided by the attaching creditors. But admitting the note in the present case to be usurious, yet the sum actually advanced is in justice and equity due to *B. Hall,* and the statute which declares a usurious contract void, is made for the benefit and protection of those who are compelled to pay a rate of interest exceeding that allowed by law, and no body but themselves and their privies ought to be allowed to defeat their contracts on the ground of usury. But,

If one of two attaching creditors might defeat the attachment of the other by avoiding the debt on which it is founded, on the ground of usury, the principle will not extend to this case. Here the defendant signed as surety ; and the indemnity—the liability imposed on the defendant by his signing the note, was a good consideration for the bill of sale.—1 *Burr. R.* 481. The bill of sale would give the defendant a right to hold the property conveyed till the note is paid. Should the defendant eventually be obliged to pay the note, he will have a right to indemnify himself under the bill of sale. If *Osgood* discharges the debt, the property conveyed will then become his, and the lien be discharged. Suppose the note is usurious and therefore void, the defendant might not be able in a suit on the note to make out the fact ; or if he should defeat a recovery, he might be put to expense and trouble in defending the suit, and ought to be indemnified by the property in his possession. If a promissory note be given for the re-payment of a sum of money, lent with usurious interest, and the note when due be taken up, and another note substituted for it, the offence of usury is not thereby committed, nor is the penalty thereby incurred : for if the note be not paid, the lender receives no usury, and as the second note may be avoided by the maker of it, for usury in the first, the consequence would be that the lender would be liable to the penalty of the statute, and also the loss of his debt, on the same transaction, if he should be subjected to the payment of the penalty, before he had received the usury.—1 *Swift's Dig.* 320. Thus in this case, if the note be avoided and the bill of sale defeated, the defendant would lose his lein on the property, and might eventually be compelled to pay the debt, as the verdict in this suit would be no evidence in an action on the note.—2 *Leon.* 166.—*Cro. Eliz.* 642, 588.—*Ord on usury,* 99.

The counsel contended at length that the transfer of the property in question to the defendant was not fraudulent, and that the charge to the jury on that point was correct; and they cited 1

*Burr.* 481.—*Twine's case,* 3 *Co.* 80.—13 *Vin. Abr.* 516.—4
*Bla. Com.* 267.—*Bucknal* vs. *Royston, cited in* 1 *Sw. Dig.* 270.
—1 *Sw. Dig.* 274.—2 *T. Rep.* 587, *Edwards* vs. *Harbin.*—
5 *T. Rep.* 420, *Estwick* vs. *Cailaud.*—2 *Stark. Ev.* 616.—7
*T. Rep.* 63.

ORANGE,
*March,*
1829.

Spaulding
*vs.*
Austin.

PRENTISS, J. pronounced the opinion of the Court.—The liability incurred by the defendant, by becoming surety for *Osgood*, on the note to *Hall*, was undoubtedly a sufficient consideration for the conveyance of the property mentioned in the bill of sale; and whether the note was usurious or not, was a question which could not properly be tried in this action. It is laid down that where a surety joins in a security, and a counter security is given by the principal to the surety for his indemnity, such counter security is good, notwithstanding the original security should turn out to be usurious, unless the surety was privy to the usury.—*Basset* vs. *Prowes,* 2 *Leon.* 166.—*Robinson* vs. *May, Cro. Eliz.* 588.— *Button* vs. *Downham, Cro. Eliz.* 643.—The bill of sale from *Osgood* to the defendant was for the indemnity of the latter against his liability as surety, and although the note on which he became surety might be usurious, he was entitled to hold the property assigned him, for his security, until he was indemnified or relieved from the note.

Though where a bill of sale of personal property is absolute upon the face of it, proof of any secret trust or agreement inconsistent with the tenor of the conveyance, is evidence of an intent to defeat creditors, it is not conclusive evidence of fraud.—*New Eng. M. Ins. Co.* vs. *Chandler,*16 *Mass.* 275.—And where the vendee permits part of the goods comprised in the bill of sale, to remain in the possession of the vendor, though these goods are subject to be taken in execution by the creditors of the vendor, yet the right of the vendee, as to the residue, is unimpaired, and they cannot be taken in execution, unless the sale is fraudulent in fact.—*Weller* vs. *Wayland,* 17 *John.* 102.—The possession and use of part of the goods by the vendor, however, is evidence to be weighed by the jury in determining upon the honesty and validity of the transaction. In the present case, it was left to the jury to say, from the evidence in relation to the bill of sale, and the possession by *Osgood* of part of the property transferred by it, in connection with the other evidence in the case, whether the sale was merely colourable, and made to defeat the rights of creditors, or was fair and *bona fide.* The case appears to have been properly submitted to the jury on the evidence, and their verdict negatives all fraud in fact.

But it is insisted that the jury were misdirected on the point of the possession of the chaise in question. In the case of *Barney* vs. *Brown*,[*] decided at the last term in *Franklin* county, we held that where sheep,in the care and possession of a third person, were sold,and the party keeping the sheep had notice|of the sale from the vendor, and on application of the vendee assented to keep them for him, it was a sufficent delivery and change. of possession as against the creditors of the vendor. That decision fully supports the direction which was given to the jury in the present case ; and we are all of opinion, that the judgement of the court below must be affirmed.

Judgement affirmed.

*Collamer*, for plaintiff.
*Smith* and *Peck*, for defendant.

[*] *Ante*, 374.