## JOHN J. GRAVES *versus* JACOB WALKER, Principal, and LEVI DODGE, Trustee.

One summoned on the trustee process made answer, that the principal defendant sold and delivered to him certain furniture and provisions to secure the payment of a debt ; that the articles were left in the debtor's possession ; that the furniture alone was not sufficient to pay his demand, but that the whole property was more than sufficient ; but that most of the provisions had been consumed by the debtor. It was *held*, that the answer did not state with sufficient precision the amount of provisions consumed at the time when the process was served on the respondent, and he was adjudged trustee.

DODGE, in his answers, states that Walker made a sale to him, in the form of a bill of parcels, of certain provisions and furniture to the amount of $161·80, for the purpose of securing the payment of a debt due from Walker to the respondent ; that the debt was between $75 and $100 ; that all the articles were delivered to the respondent at the date of the bill of sale, but that most of them were left in the possession of Walker and never taken away by the respondent ; that the understanding was, that whenever the debt should be paid, the bill of sale should be given up, and that no time was fixed for the payment of the debt ; that the respondent considered Walker to be insolvent at the time of the sale, and he turned out to be so ; that about $5·75, a part of the respondent's demand, has been paid by the receipt of some of the provisions, but that he has had no other part of the property mentioned in the bill of sale ; that he has learned since the sale, from a Mr. Priest, that on a portion of the furniture, amounting to $50, Priest has and had a prior claim ; and that most of certain items of provisions (set down in the bill of sale at $37·30) had been consumed by Walker for the support of his family.

*B. Russell* contended, that the respondent was chargeable as trustee for the whole of the property, the sale being fraudulent and void as against creditors ; Revised Stat. *c.* 109, § 35 ; *c.* 74, § 5 ; *Burlingame* v. *Bell*, 16 Mass. R. 318 ; *Dix* v. *Cobb & Tr.* 4 Mass. R. 511.

Graves
*v.*
Walker and
Tr.

*Jan. 29th*
*1839*,
*at Boston.*

If he is allowed to retain the amount of his own debt, he is at least chargeable for the balance of the property. He does not state what Mr. Priest had a prior claim, nor that he believes it to be a just claim. Revised Stat. *c.* 109, § 15, 16, 17, 18 ; *Cleveland* v. *Clap*, 5 Mass. R. 201 ; *Sebor* v. *Armstrong & Tr.* 4 Mass. R. 206.

*L. Williams* and *Mellen, contra.* The respondent had not such a possession as would render him liable as trustee. He could not have delivered the property to the officer, and it might have been attached in the ordinary manner. Revised Stat. *c.* 109, § 4, 35, 36 ; *Burlingame* v. *Bell*, 16 Mass. R. 318 ; *Andrews* v. *Ludlow & Tr.* 5 Pick. 28 ; *Grant* v. *Shaw*, 16 Mass. R. 341 ; Cushing on Trustee Process, 19, 20 ; *Dix* v. *Cobb & Tr.* 4 Mass. R. 511 ; *Fletcher* v. *Willard*, 14 Pick. 464.

The respondent has disclosed the claim of a third party, and if the plaintiff was not satisfied of its justice, it was incumbent on him to summon in the assignee.

*Farley*, in reply, said that the legal possession was in the respondent, and that although the plaintiff might have attached the property specifically and contested the validity of the bill of sale, he was not obliged to pursue that course. Probably the respondent may retain to the amount of his own demand, but he is chargeable as trustee for the balance.

*Per Curiam.* Upon the answers the respondent's account would stand thus : —

| | |
|---|---:|
| Amount of the articles sold . . | $161·80 |
| Deduct the claim of the respondent . | 75·00 |
| | 86·80 |
| Deduct Priest's prior claim . . | 50·00 |
| | 36·80 |

Then, if the provisions were consumed to the amount of

$37·30, there would remain no balance.   But the respondent says only that most of the provisions were consumed.   Now he is to give such an answer as will enable the court to say judicially that he should be discharged.

As in the case of the *New England Ins. Co.* v. *Chandler*, 16 Mass. R. 275, the trustee is to be charged only for the surplus remaining in his possession, or in his control, at the time of the service of the writ.

In the case at bar the trustee does not answer with sufficien precision as to the provisions which were consumed at the time when the process was served upon him.   If they were not all consumed, he should be charged.   If by *most* is to be understood, that somewhat more than one half of the value was consumed or destroyed prior to the service of the writ, then there would be a surplus which would be liable to this process. The facts are not sufficiently disclosed.   We think therefore that the trustee is to be charged.