ASHLEY A. VANTINE *vs.* SAMUEL H. MORSE & others.

Executors are chargeable as trustees of a legatee, on a trustee process against him, for shares in the stock of a corporation, specifically bequeathed to him in the will, which are not required to pay the testator's debts, and stand in the testator's name on the books of the corporation, and of which they hold the certificate in that name; and when so charged, upon final judgment against the legatee, it is their duty, upon demand by the officer, to transfer the shares, in such manner as the by-laws of the corporation may require, into the name of the legatee, so that they may be taken on the execution.

BILL IN EQUITY filed February 12, 1869, under the Gen. Sts. *c.* 113, § 2, against Samuel H. Morse, the National Revere Bank and the executors of the will of Eliza Morse, to reach, and apply in payment of a debt due from Samuel H. Morse to the plaintiff, and as property of the debtor which could not be come at to be attached or taken on execution in a suit at law against him, five shares in the capital stock of the bank, which were specifically bequeathed to him by the testatrix.

The bill alleged that Eliza Morse died December 19, 1868, leaving a will, which was duly proved and allowed January 11, 1869, and made said bequest to Samuel H. Morse; that the executors " possessed themselves of the personal estate of said deceased, and of said shares of stock, and the certificates or other evidences" thereof; that the National Revere Bank was a corporation doing business in Boston, and the shares were standing on its books in the name of the testatrix, and no transfer of them was ever made by the executors, but the executors and the bank were holding them in trust for Samuel H. Morse; that the personal estate of the testatrix was more than sufficient to pay all her debts and funeral expenses, without applying these shares thereto or subjecting them to contribution; and that Samuel H. Morse owed the plaintiff $237.31.

The defendants demurred, on the ground that the facts alleged did not bring the case within the statute, and it was thereupon reserved by *Gray*, J., for the determination of the full court.

*G. O. Shattuck & W. A. Munroe*, for the defendants.

*J. Lathrop & E. H. Abbot*, (*L. A. Jones* with them,) for the plaintiff.

AMES, J. It is well established that a legacy in the hands of an executor may be attached on a trustee process in favor of a creditor of the legatee, without the necessity of waiting for the expiration of one year from the appointment of the executor. Gen. Sts. *c.* 142, § 22. For the protection of the executor, the court, whenever it should be necessary, would order the continuance of the case, until the estate was so far settled as to render it certain that the legacy would be paid from the assets. *Hoar* v. *Marshall*, 2 Gray, 251. We know no reason why the same rule should not apply where the legacy, as in the present case, takes the form of a gift of shares in a corporation, having a pecuniary value. It has been settled that shares in a corporation may be attached on a trustee process. *New England Insurance Co.* v. *Chandler*, 16 Mass. 275.

The case finds that the shares in question were not required for the payment of the debts of the estate. They stood upon the books of the bank in the name of the testatrix, and the certificate in her name, which is the evidence of her title, is in the hands of the executors. No transfer can be made except by them, but the beneficial interest in the shares belongs to the legatee, and he was entitled, certainly after the expiration of the year from the date of their appointment, to demand such a transfer to himself. But this transfer was a mere duty, in relation to which nothing was left to their discretion. It was reduced to a mere ministerial act, which they were bound to perform on demand. In other words, they owed him these shares, and they hold them for him. We think that his interest in them could have been attached in an ordinary trustee process, and that upon such a process the executors could be charged as his trustees. When so charged, it would be their duty, on being

called upon by the officer to whom the execution should be committed for service, to give up the shares so that they could be taken on the execution. The mode of doing so would of course not be the same as in the case of chattels susceptible of manual or literal delivery, or of money to be paid over. It would be their duty, however, to divest themselves of the formal title, and to make such a transfer as the by-laws of the corporation might require, in order to place the shares, on their books, in the name of the legatee, in which event the officer would proceed to levy the execution upon them in the manner prescribed by statute. Gen. Sts. *c.* 123, § 59.

The plaintiff's bill, having been founded upon the erroneous assumption that the property of the debtor, under these circumstances, cannot be come at to be attached or taken on execution, must therefore be    ·          *Dismissed, with costs.*