Ford Motor Credit, LLC v. Carpenter, No. 464-12-09 Bncv (Hayes, J., Apr. 3, 2012)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 464-12-09 Bncv |

Ford Motor Credit, LLC,
  Plaintiff

v.

Ronald Carpenter and
Huddle Bay Holdings, LLC,
  Defendants

### DECISION ON MOTION TO STRIKE REQUEST FOR JURY TRIAL

In this case, plaintiff asks the court to find that a series of real estate transfers from defendant Ronald Carpenter to defendant Huddle Bay Holdings, LLC, violated Vermont's Fraudulent Transfers Act, 9 V.S.A. § 2285 *et seq*.  In 2008, plaintiff obtained a judgment against defendant Carpenter in this court in the amount of $1,567,049.22, as Carpenter had acted as guarantor on several loans to car dealerships in Dorset, Vermont that were in default.  See Final Order and Judgment – Ronald Carpenter, *Ford Motor Credit Company v. East Dorset Motor Company*, 477-12-07 Bncv (Jun. 24, 2008) (Howard, J.).  Here, plaintiff alleges that Carpenter made two real estate transfers in violation of the Fraudulent Transfers Act: the first was on October 27, 2007, after the loans were in default but before judgment issued; the second was on May 22, 2009, after judgment issued.  Plaintiff alleges that Huddle Bay was the recipient of both transfers, and that Carpenter qualifies as an "insider" in Huddle Bay within the contemplation of 9 V.S.A. § 2285(6).[1]  In his answer, Carpenter demanded a jury trial.  Plaintiff filed the instant motion to

---

[1] Section 2285(6) provides, in relevant part: " Insider includes:  (A) if the debtor is an individual, . . .(v) a member-managed limited liability company in which the debtor is a member, a manager-managed limited liability company in which the debtor is a manager, or any limited liability company in which the debtor is in control."

strike Carpenter's request for a jury trial on February 21, 2012. Huddle Bay filed a response on March 2, 2012; Carpenter has not filed a response.

At the outset, it is important to note that the Seventh Amendment right to jury trial has not been incorporated to the states through the Fourteenth Amendment. *Curtis v. Loether,* 415 U.S. 189, 192 n. 6 (1974) ("The Court has not held that the right to jury trial in civil cases is an element of due process applicable to state courts through the Fourteenth Amendment."). However, the Vermont constitution does guarantee the right to a jury trial: "[W]hen any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." Vt. Const. ch. I, art. 12. The Vermont Supreme Court has interpreted the right to a jury trial as guaranteed "to the extent that it existed at common law at the time of the adoption of the constitution in 1793." *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 155 (1992).

Under the *Hodgdon* framework, the Vermont Supreme Court has adopted a similar test to that used by federal courts interpreting the Seventh Amendment to determine whether the right to a jury trial applies in any given case:

> First, the court must identify the closest eighteenth-century analogue to the statutory cause of action and ascertain whether it was traditionally tried to a jury or a court. Second, the court must examine the remedy sought and determine whether it is legal or equitable in nature. Of the two tests, however . . . the second inquiry is the more important in the analysis.

*State v. Irving Oil Corp.*, 2008 VT 42, ¶ 7, 183 Vt. 386 (citations omitted).

Huddle Bay directs the court's attention to a an early Vermont cases dealing with fraudulent conveyances in which the Supreme Court opinions imply that the lower court proceeding had been a jury trial. In *Spaulding v. Austin*, the court confronted a case in which a debtor, Zenas Osgood, sold a chaise (a horse-drawn carriage) to the defendant in an attempt to shield it from attachment by his creditors. 2 Vt. 555 (1829). The Supreme Court notes that the trial court charged the jury that if the "real object was not to give security to the defendant against his liability as surety, but the sale was

made with an intent to protect the property against Osgood's creditors and defeat their rights, the sale would notwithstanding be void ." *Id.* at 557.[2]

Of course, *Spaulding* is not an exact analogue of the instant case , as it dealt with the fraudulent conveyance of chattels, not real estate.  This distinction informs whether the relief sought is legal or equitable – the second prong of the analysis of the right to a jury trial.  The Eleventh Circuit Court of Appeals expounded upon the distinction in a case in which a bankruptcy trustee sought to set aside the real estate transfers of a debtor:

> In the instant case, the trustee-in-bankruptcy requested that the court declare the subject conveyance null, void, and fraudulent and grant "such other relief as is just and proper." Although he did not specifically request the court to set aside the conveyance, the trustee clearly anticipated such equitable relief. His traditional prayer that the court grant such relief as it deemed "just and proper" was a direct appeal to the court's equity power to fashion any remedy necessary to satisfy the ends of justice.  Moreover, the legal remedy of damages was neither requested nor particularly appropriate because the property conveyed, real property, was not a depreciating asset whose value when returned to the trustee would be substantially less than its value at the time of the subject conveyance.

*In re Graham*, 747 F.2d 1383, 1388 (11th Cir. 1984) (citations omitted).  Additionally, in *Spaulding* the creditor sued to obtain possession of the chaise directly, rather  than asking the court to find that the conveyance was avoidable.

With so little precedent, and no precedent directly analogous to the case at hand, one cannot arrive at a clear picture of whether fraudulent conversion cases were "traditionally tried to a jury or a court" in early Vermont.  *Irving*, 2008 VT 42 at ¶ 7.  For that reason, coupled with the Vermont Supreme Court's suggestion that the second prong of the right to jury trial test is more important than the first,[3]

---

[2] Huddle Bay cites two more early cases in support of its proposition that fraudulent conveyance cases were typically tried before a jury around the time of the adoption of the Vermont constitution.  See *Whitney v. Lynde*, 16 Vt. 579 (1844); *Willard v. Lull*, 17 Vt. 412 (1845). These cases both involve causes of action for trespass, however, with fraudulent conveyance asserted as a defense.  Since the causes of action were for trespass, the question of whether the case would be tried to a jury revolved around whether a <u>trespass</u> claim, rather than a fraudulent conveyance claim, should be presented to a jury.

[3] Indeed, the court notes in *Spaulding* that there have been many calls to eliminate the first prong of the test all together.  See *Irving*, 2008 VT 42 at ¶ 7.

the court must proceed to determine whether the instant action can best be characterized as legal or equitable.

In this case, plaintiff asks the court set aside real estate transfer under the Fraudulent Transfers Act. To set aside a transfer of real estate is to grant equitable relief. When faced with a very similar case to this one in which a judgment creditor seeking to set aside a fraudulent transfer, the a Florida federal court stated:

> A judgment-creditor, by virtue of its judgment, obtains an equitable claim against the assets of the judgment-debtor that have been transferred fraudulently to third persons. Equity will afford relief by setting aside the effect of the fraudulent transfer insofar as it affects the right of the judgment-creditor to execute and satisfy its judgment. To that extent only the equitable remedy correspondingly affects the claim of right by third parties to the judgment-debtor's assets. To all others, the third-party transferees' claim of right remains valid and effective because there has been no general adjudication of their title to the assets (admittedly a question at law).

*Mission Bay Campland, Inc. v. Sumner Financial Corp.*, 72 F.R.D. 464, 468 (M.D.Fla.1976); see also *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961) ("An action by a judgment creditor or a trustee in bankruptcy to set aside a fraudulent conveyance has long been cognizable in equity.") (Citation omitted.); *Senchal v. Carroll*, 394 F.2d 797, 798 (10th Cir. 1968) (holding that where a bankruptcy trustee attempted to set aside money and property transfers, "the case at bar the action is basically an equitable one calling for relief which only equity can afford"); *Hyde Properties v. McCoy*, 507 F.2d 301, 305 (6th Cir. 1974) ("If a fraudulent conveyance action is brought to set aside a transfer, such a remedy is cognizable only in equity.").

Typically, courts have held that fraudulent conveyance actions may be tried to a jury only in cases involving claims for monetary damages. See, e.g., *In re Meinen*, 232 B.R. 827, 831 (Bankr. W.D. Pa. 1999) ("[E]ach of the fraudulent conveyance actions pursued by plaintiff in her instant complaint involve money or personalty."); *Miller v. Doniger*, 293 A.2d 282, 282 (N.Y. App. 2002) ("[F]raudulent conveyance claims which seek monetary damages only are legal in nature.").

4

Because it is not readily apparent what the custom was in Vermont in the late 18th century as to whether to try a fraudulent conveyance of real estate case to a jury, and because the relief sought in this case is purely equitable in nature, the court concludes that Carpenter is not entitled to a jury trial under the framework set forth in *Irving*.

ORDER

For the reasons explained above, Plaintiff's Motion to Strike Request for Jury Trial (MPR #18), filed February 21, 2012, is ***granted***.

Dated at Bennington, Vermont this 3rd day of April, 2012.

_____
Katherine A. Hayes
Superior Court Judge