MARVIN S. FELLOWS *vs.* W. C. SMITH & trustee.

Hampshire.    September 20. — 29, 1881.    LORD & DEVENS, JJ., absent.

If, by the contract between a street railway corporation and a person in its employ as conductor, he is to account for the tickets entrusted to him to sell in the settlement for his wages, and, at the time of the service of the writ in a trustee process upon the corporation, he has in his hands money received from the sale of tickets and tickets of a certain value, which together exceed the wages then earned by him, there is nothing due him "absolutely and without any contingency," within the Gen. Sts. *c.* 142, § 24, so that the corporation can be charged as trustee.

MORTON, J.    This is a trustee process.    The Northampton Street Railway Company was summoned as trustee.    It appears by the trustee's answers that the principal defendant is in the service of the trustee as a conductor; that at the time of the service of the writ the wages earned by him amounted to $6.75; that he owed the trustee $4.57 for money received by him from the sale of tickets; and that he had in his possession tickets to the value of five dollars entrusted to him to sell.    By the contract between the parties, the conductor was to account for the tickets entrusted to him in the settlement for his wages.    By this contract, if he sued the trustee for his wages, he would be required to account for the tickets, either by returning them or by allowing their value in reduction or part payment of his claim for wages.    At the time of the service of the writ the trustee did not owe the conductor any money "due absolutely and without any contingency."    Whether it owed anything depended upon the contingency or condition that the conductor should return the tickets in his hands.    To charge it as trustee

would place it in a worse position than it would be in if sued by the conductor, because it would then be compelled to pay the wages of the conductor without the performance of the condition upon which alone it is liable.   Gen. Sts. c. 142, §§ 24–26.

Upon these grounds, without discussing others, we are of opinion that the trustee was properly discharged by the Superior Court.                                    *Judgment affirmed.*

*C. G. Delano*, for the plaintiff.

*C. Delano & J. C. Hammond*, for the trustee.