M. de SOUZA *v.* M. SMITH, Defendant, and W. H. PAINE,
Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 1, 1897.          DECIDED OCTOBER 20, 1897.

FREAR AND WHITING, J.J., AND ANTONE ROSA, ESQ., OF THE
BAR, IN PLACE OF JUDD, C.J., ABSENT.

Wages payable by a tramway company to a driver only on condition
that the driver return a larger amount deposited with him for
use in making change with passengers, are not subject to gar-
nishment.

OPINION OF THE COURT BY FREAR, J.

This case comes here on plaintiff's exceptions to the judgment
of the Circuit Court discharging the garnishee, that court having
tried the case jury waived on the garnishee's appeal from the
District Court.

The garnishee was manager of the Hawaiian Tramways Com-
pany. The defendant was driver on one of the cars of the com-
pany. The driver had in his possession $25 of the company's
money for use in making change with passengers. The company
owed the driver $12 wages. The only question now raised is
whether the company could be held as garnishee in respect of
the $12 owed the driver. The question whether the company,
instead of its manager, should have been made garnishee, is
waived.

The plaintiff argues that, as the defendant held the $25 as
bailee and claimed the $12 in his own right, the garnishee could

have no right of set-off against the defendant and therefore could not set up that defense against the plaintiff. The garnishee, however, relies, not on set-off, but on a claim that by the terms of the contract between the garnishee and the defendant, the wages were payable only upon the return of the $25, in other words, that whether the garnishee owed the defendant anything depended upon the contingency that the defendant should return the money entrusted to him. It is well established that a debt subject to a contingency, and not due or to become due by the mere lapse of time is not subject to garnishment. See *Fellows v. Smith,* 131 Mass. 363. The question of difficulty in this case is whether the evidence is sufficient to establish the contract relied on. The evidence is not satisfactory, but, bearing in mind that the finding of the trial Judge must be treated as a verdict of a jury, we are of the opinion that there was sufficient evidence to sustain it. Specific findings of law and fact were not made or requested.

The exception is overruled.

*A., G. Correa* for plaintiff.

*P. Neumann* for garnishee.