JAMES S. HANCOCK *vs.* VINCENT COLYER & wife, & trustees.

An attorney at law summoned as trustee in a process of foreign attachment answered that when he received service of the writ he had in his hands a check drawn payable to his order on a bank, but never indorsed nor presented for payment, which he had received, by direction of the principal defendant, in satisfaction of an execution obtained by such defendant in another action, said defendant assuming all risk of its collection; and that, after said service, he presented the check at the bank, and received payment of it, and was holding the proceeds. *Held,* that he was not chargeable as trustee.

TRUSTEE PROCESS. Chandler, Shattuck and Thayer, attorneys at law, the parties summoned as trustees, filed an answer, denying that they had goods, effects or credits of the principal defendants intrusted or deposited in their hands or possession at the time of service of the writ upon them, otherwise than as follows : that they then had in their hands a check for $13,069.60, drawn by Arthur W. Austin on a national bank in Boston, and payable to their order, which they had not indorsed nor presented for payment, and had received under special instructions from Colyer, acting for himself and as attorney for his wife, in satisfaction of an execution issued on a judgment obtained by Colyer and his wife against Charles D. Hancock, and with the full understanding and agreement with Colyer, acting as aforesaid, that they were not to be liable in any manner for any loss on the check, he assuming all the risk of its collection ; that, at the time of receiving the check, they, as attorneys of the plaintiffs in said action, indorsed on the execution a receipt for the amount thereof, in full payment and satisfaction of the same ; and that, subsequently to the said service upon them, they presented the check to the bank, and received payment thereof, and were holding the proceeds. From the order of the superior court discharging the trustees on this answer the plaintiff appealed.

*C. R. Train,* for the plaintiff.

*J. E. Hudson,* for the trustees.

COLT, J. The check of a third party payable to the order of the supposed trustee is not attachable by trustee process. It is not money, goods, effects or credits, in the sense of the statute. It may never be paid. The liability of the trustee to the prin-

cipal defendant is therefore contingent. If the transaction between the parties is such as to create a debt due absolutely whether the security held be good or not, the trustee would then be charged. *Wood* v. *Partridge*, 11 Mass. 488. *Lupton* v. *Cutter*, 8 Pick. 298. *Meacham* v. *McCorbitt*, 2 Met. 352. *Lane* v. *Felt*, 7 Gray, 491. It would seem that a check before presentment cannot operate as an assignment of the fund, or create any lien upon it in the drawee's hands. *Dana* v. *Third National Bank*, 13 Allen, 445.

It is attempted to distinguish this case from *Lane* v. *Felt* on the ground that the check was received as money by direction of the plaintiffs in the suit of *Colyer & wife* v. *Hancock*, and that it was paid to the supposed trustees after service. As to the first, the answer does not show that it was taken as money. As between the trustees and the principal defendant all that appears is, that by direction of those plaintiffs it was received in satisfaction of the execution. The trustees were not in any manner to be liable in the event of the check proving worthless, said Colyer taking all the risk of its collection. The other ground of distinction cannot prevail against the well settled rule that the validity of the attachment must be determined by the state of facts existing at the time of the service of the writ. *Meacham* v. *McCorbitt*, 2 Met. 352. *Trustees discharged.*