MASSACHUSETTS NATIONAL BANK *vs.* BENJAMIN BULLOCK
              & others & trustees.

Suffolk.   March 8, 1876.   March 9.—11, 1876.   AMES & MORTON, JJ.,
                      absent.

A case stated in an action at law cannot be heard or reserved by a single justice of
    this court, but is within the exclusive jurisdiction of the full court.
In trustee process, an agreed statement of facts, upon the question whether a trus-
    tee shall be charged or discharged upon his answer, must be signed in behalf of the
    trustee, and not of the plaintiff and the claimant only.
Where the property of a debtor is assigned to trustees for the benefit of his creditors
    in trust to convert the same into money, and, after such conversion and payment
    of the expenses of the trust, to distribute the balance *pro rata* among the creditors,
    the trustees are not, until after such conversion and payment, chargeable by trustee
    process for the debt of one of the creditors.
A mere equitable right cannot be attached by trustee process.

TRUSTEE PROCESS.   The case was submitted to *Ames*, J., and
by him reported to the full court, upon an agreed statement of
facts, signed by the counsel of the plaintiff and of the claimant
only, in which it was agreed that the trustees should be charged
or discharged upon their answer, according to the opinion of the
court upon the following facts :

Samuel B. Rindge and Hales W. Suter, summoned as trustees,
were parties of the second part to an indenture executed March
3, 1873, whereby the firm of Sandford, Soule & Co., parties of the
first part, conveyed their property to said Rindge and Suter, for
the benefit of their creditors, who were parties of the third part
to the indenture, upon the trust " as soon as may be to collect,
sell and dispose of said trust property and reduce the same into
money, and, after deducting and retaining therefrom all such
costs, charges, expenses and disbursements as shall be sustained

or incurred in the execution of the trusts herein contained, in-cluding the costs and expenses of preparing and executing these presents, and a reasonable compensation for their own services, then upon trust that the said parties of the second part shall divide, distribute and pay over all the residue of said trust property to and among said parties of the third part ratably; and in case there shall be any surplus after fulfilling said trusts they shall pay over the same to said parties of the first part."

The principal defendants were creditors of Sandford, Soule & Co., and parties to the indenture. At the date of the service of process upon the trustees, February 4, 1874, the trustees had not converted the whole of the assigned property into cash, so as to be ready for distribution, but then held real estate, choses in action and merchandise to the amount of $13,000, and cash to the amount of $64,000, subject to the said trust. On May 25, 1875, the trustees first declared a dividend of the proceeds of the trust property.

On October 14, 1873, the principal defendants, then doing business at, and residing in, Philadelphia in the State of Pennsylvania, made an assignment of their property to Henry Lewis, a resident of Pennsylvania, who appeared as claimant in this case. [The terms of the assignment are omitted as immaterial under the decision of the court.] Rindge and Suter had knowledge of this assignment before the service of the process in this suit.

*C. T. Russell,* for the plaintiff.

*H. C. Hutchins & A. S. Wheeler,* for the claimant.

BY THE COURT. A case stated in an action at law cannot be heard or reserved by a single justice of this court, but is within the exclusive jurisdiction of the full court. The provision of the Rev. Sts. *c.* 81, § 13, reënacted in the Gen. Sts. *c.* 112, § 5, has not been modified in this respect, as it has in regard to demurrers at law and to all proceedings in equity. Sts. 1852, *c.* 312, § 23; 1859, *c.* 237, § 1. Gen. Sts. *c.* 129, § 64; *c.* 113, § 6. *Tufts v. Newton,* 119 Mass. 476.

The report might be treated as merely superfluous, and the case heard upon the statement of facts agreed, but for the more serious objection that this statement, made for the purpose of determining the question whether the trustees shall be charged or

discharged on their answer, is signed in behalf of the plaintiff and of the claimant only, and not in behalf of the trustees, who are necessary parties to the judgment.   *Gifford* v. *Rockett*, 119 Mass. 71.

*Report dismissed and statement of facts discharged.*

The statement of facts was then signed by the trustees also, and the case was argued by the same counsel.

GRAY, C. J.   The alleged trustees, at the time of the service of this process upon them, were not debtors of the principal defendants.   They did not receive the property in their hands from the defendants, but from Sandford, Soule & Co., who were themselves debtors of the defendants.   The property was not the property of the defendants when it came to the hands of the trustees.   By the terms of the indenture of trust, under which the trustees received the property, nothing was to be paid to the defendants and the other creditors of Sandford, Soule & Co., until all the property had been disposed of and converted into money and the trust fully executed.   Then, and not before, the proceeds, after deducting all charges and expenses of executing the trust, were to be divided among the defendants and the other creditors of Sandford, Soule & Co.   Until that time, at least, the defendants had no right of action against the trustees, and no legal right or interest in any part of the funds in their hands If the defendants could have compelled in equity the executior of the trust, a merely equitable right is not attachable by tht trustee process.   *Folsom* v. *Haskell*, 11 Cush. 470.   *Field* v *Crawford*, 6 Gray, 116.   *Hoyt* v. *Swift*, 13 Vt. 129.   *Perry* v. *Thornton*, 7 R. I. 15, 17.   Brandon on Foreign Attachment 28, 29.

As the alleged trustees had, at the time of the service of the writ, no goods, effects or credits of the principal defendants, there is no occasion to consider the effect of the assignment made by the latter to the claimant.                    *Trustees discharged.*