CHARLES FULLER *vs.* JAMES O'BRIEN & another & trustee.

Worcester Oct. 5, 1876. — Jan. 3, 1877. COLT & MORTON, JJ., absent.

A person summoned as trustee, in a process of foreign attachment, answered that at the time of the service of the writ upon him, a certain sum was due to the prin cipal defendant under a contract by the terms of which payment was to be made to him in negotiable promissory notes of the trustee, the dates and amounts of each of which were fixed by the terms of the contract, but not the times when payable. The contract also provided that interest should be allowed on all notes given in payment, when the time ran beyond a certain day. At the date of the writ, the time the last note was to bear date had expired; but it did not appear that any of the notes had become payable, or that there was any debt absolutely due to the principal defendant. *Held,* that the trustee was not chargeable on his answer.

TRUSTEE PROCESS. Writ dated September 6, 1875. John J. Power, summoned as trustee, answered, denying that, at the time of the service upon him, he had in his hands and possession any goods, effects or credits of the principal defendants. The plaintiff thereupon filed interrogatories to the trustee, and the material portions of his answers thereto were that, as agent of Patrick T. O'Reilly, he entered into a contract with the principal defendants for the building of St. Paul's Church in Worcester, and that there was due from O'Reilly to the principal defendants by virtue of the contract, at the time of the service upon the trustee, the sum of $1810.57, and no more; that none of this sum had since been paid, and that there was nothing due from the trustee personally to the principal defendants.

A copy of the contract was annexed. It was dated January 13, 1875, and purported to be made between John J. Power of the first part, and O'Brien and Borden of the second part. The parties of the second part agreed to do certain work on a church then building, and to complete the same on or before July 19, 1875; and the party of the first part agreed to pay them therefor as follows: "1. On June 1, 1875, the said Power to give two negotiable notes, one made payable to the said O'Brien and Borden for $2000; and one made payable to Charles Fuller for $1000, both of which shall be accepted as the first payment on this contract, and the smallest of which shall be given to the said Fuller by O'Brien and Borden in full payment for the carpenter work done by Fuller for O'Brien and Borden, in the prosecution of this contract. 2. On July 1, 1875, Power to give a

note of same character as the first for $2000, made payable to O'Brien and Borden. 3. On August 1, 1875, Power to give a similar note for $2000, made payable to O'Brien and Borden. 4. On September 1, 1875, the said Power to give a similar note for $1000, which shall be in full settlement of this contract." The contract also provided that "the said Power will allow interest on all the notes given in payments when the time runs beyond the first of October, 1875."

In the Superior Court, the trustee was charged on his answer, and appealed to this court.

*B. W. Potter*, for the plaintiff.

*M. J. McCafferty*, for the trustee.

AMES, J. By the terms of the written agreement, it appears that whatever sum should become due to the principal defendant was payable in the negotiable promissory notes of the trustee. The dates and amounts of each of these notes were fixed by the terms of the contract, but it does not distinctly appear at what times they were respectively to become payable. The provision as to allowing interest in case the time should run beyond the first of October, 1875, is an indication that the notes were not expected to be payable on demand. One of these notes was to be for $2000 and to bear date August 1st, and the last of the series was to be for $1000 and to be dated September 1st. That time had expired when this action was commenced, and the balance remaining to be paid to the defendant was the sum of $1810.57.

It does not appear that there has been any refusal on the part of the supposed trustee to deliver the notes that by the contract he was bound to give. Although the dates and amounts of these notes were specifically defined by the contract, the parties might modify them in those particulars as they should see fit; but creditors of the contractors could have no such right. The supposed trustee still had the right to pay by his promissory notes, and we see no ground for allowing a creditor of the contractors to interfere with this contract, and to compel the other party to it to pay in money instead of giving the note. *Willard* v. *Butler*, 14 Pick. 550. *Hancock* v. *Colyer*, 99 Mass. 187. *Knight* v. *Bowley*, 117 Mass. 551. It does not appear that, at the date of this process, any of the notes had become payable, or that there was any debt absolutely due to the principal defendant in money, and for that

reason the alleged trustee is not chargeable. The other objec-
tions relied upon in his answer we have not found it necessary
to consider.                                    *Trustee discharged.*