MARIA CORNELL *vs.* PATRICK J. MAHONEY.

Suffolk.   December 13, 1905. — January 8, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Conversion.   Trustee Process.   Attachment.*

In an action against a common carrier for the alleged conversion of articles entrusted to him for transportation, it appeared that the plaintiff employed and paid the defendant to carry certain boxes, barrels, trunks and a sewing machine to the defendant's office and there to keep them until ordered by the plaintiff to take them to a railroad station for shipment, that the boxes, barrels and trunks contained household goods, wearing apparel, a ten dollar bill and other articles, but that the defendant did not know what they contained, that a few days later the plaintiff made a general demand for the property and the defendant refused to let him have it, saying that the property had been attached and that he would let the law take its course. The defendant offered to show that he had been summoned as trustee in an action in which the plaintiff under a somewhat different name was the defendant, and that he had appeared therein but had not yet been charged or discharged as trustee. The judge excluded the evidence, and ruled that the service of the trustee writ on the defendant and the pendency of the action in which it was served were not a defence to the action for the conversion. *Held,* that the ruling was wrong, it being the duty of the defendant, in spite of the plaintiff's general demand, to keep the goods which had been attached in his hands so that if charged as trustee he could deliver them to the officer to be taken on execution. *Semble,* that, even under a general demand, the plaintiff might have a right to have the sewing machine delivered to him. See R. L. c. 177, § 34, cl. 12.

MORTON, J.   This is an action of tort for the alleged conversion by the defendant, under the following circumstances, of certain personal property belonging to the plaintiff.   The defendant is a common carrier.   On or about April 15, 1903, the plaintiff employed and paid him to carry certain boxes, barrels, trunks and a sewing machine to his office and keep them there until he received orders from her, and then to take them to a railroad depot for shipment to New York.   The boxes, barrels and trunks contained household goods, wearing apparel, a ten dollar bill and other articles.   A few days later, on April 24, she went to him and made a general demand for the boxes, barrels, trunks and sewing machine, and he refused to let her have them.   On cross-examination she testified that he told her that they had been attached and he would let the law take its course.

There was testimony tending to show that when the defendant received the boxes, barrels and trunks their contents could not be seen, and he did not know what they contained. The defendant offered to show by the records of the Municipal Court of Boston that on the twenty-third day of April, 1903, he was summoned as trustee in an action wherein one Martha J. Kearney was the plaintiff and one Ellen Cornell was the defendant, and that the action was duly entered on the return day, and he had appeared therein and had not been charged or discharged. There also was evidence that the Ellen Cornell in the trustee suit is the Maria Cornell of this action. The judge refused to allow the records of the Municipal Court to be introduced in evidence, and ruled that the service of the trustee writ upon the defendant and the entry and pendency of that suit in that court did not constitute a defence to the present action. The defendant excepted to the exclusion of this evidence and to the ruling. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the exclusion of the evidence thus offered and the ruling thus made, and to the refusal to give certain instructions that were requested.

We think that the ruling was wrong and that the evidence should have been admitted. If, as there was evidence tending to show, the defendant in the trustee suit was the same person as the plaintiff in this action, then the effect of the service of the trustee process upon the defendant was to attach in his hands, so far as they were subject to attachment, the very goods which he is now charged with having converted to his own use because he declined to give them up after they had been so attached. The goods having been attached in his hands, he was bound to keep them, so that, if charged as trustee by reason of their possession, he could deliver them to the officer to be taken on execution (R. L. c. 189, § 57), and, in the absence of collusion between himself and the attaching creditor, he could not be deemed guilty of conversion for so doing. *Clegg* v. *Boston Storage Warehouse Co.* 149 Mass. 454. *Adams* v. *Scott*, 104 Mass. 164. *Stiles* v. *Davis*, 1 Black, 101. What the result would have been if the plaintiff had in her demand specified certain articles, if there were any such, which were clearly exempt from attachment, need not be considered, since the demand was

a general one, and the defendant was justified in treating it as a demand for a return of all of the goods whether exempt or not. And if the exempted articles were intermingled by the plaintiff with articles not exempt and packed in boxes, barrels and trunks in such a way that the defendant was unable to distinguish from the demand or otherwise articles not exempt from those that were exempt, the defendant would not be at fault for not delivering to the plaintiff articles, if any there were, which were exempt from attachment. *Nash* v. *Farrington*, 4 Allen, 157. *Stevenson* v. *White*, 5 Allen, 148. *Clapp* v. *Thomas*, 5 Allen, 158. *Eager* v. *Taylor*, 9 Allen, 156. *Woods* v. *Keyes*, 14 Allen, 236. *Dow* v. *Cheney*, 103 Mass. 181. .This, perhaps, would not excuse him from failing to deliver, even under a general demand, articles like a sewing machine * for instance which had a separate identity and were easily distinguishable from others, and were clearly exempt from attachment. *Copp* v. *Williams*, 135 Mass. 401. But the case was not tried on any such view of the law; but on the view that the only effect which could be given to the trustee suit was to secure by means of it a continuance of this action until the trustee suit had been disposed of. For reasons already given we think that this was erroneous.

*Exceptions sustained.*

*J. W. Converse*, for the defendant.
*James Ballantyne*, for the plaintiff.