[Civ. No. 1573. Second Appellate District.—September 4, 1914.]

MIDWAY FIVE OIL COMPANY (a Corporation), Appellant, v. CITIZENS NATIONAL BANK OF LOS ANGELES (a Corporation), Respondent.

GARNISHMENT — ACTION AGAINST GARNISHEE — SUFFICIENCY OF COMPLAINT.—A complaint in an action against a garnishee banking corporation which alleges "that summons and writ of attachment were duly issued; that thereafter on the said date the plaintiff caused the said writ of attachment to be served and said writ of attachment was on said date duly served upon said defendant banking corporation," is not insufficient, in the absence of special demurrer, in failing to show service of the writ of attachment.

ID.—FUNDS SUBJECT TO GARNISHMENT—CERTIFIED CHECK.—Where a bank, holding a promissory note for collection, accepts a certified check in payment, it is chargeable as garnishee for the amount thereof less any indebtedness to it of the payee of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Horace S. Wilson, and W. W. Middlecoff, for Appellant.

S. E. Vermilyea, and S. L. Carpenter, for Respondent.

JAMES, J.—This appeal is taken from a judgment entered in favor of the defendant and respondent and is presented on the judgment-roll alone.

From the facts found by the trial judge, it appears that one Henningsen was indebted to plaintiff in the sum of $1595.49; that in September, 1911, an action was commenced by the appellant herein against the said Henningsen to secure a judgment on account of that indebtedness, and that on the fourth day of January, 1913, judgment was duly entered for the amount stated and thereafter execution was regularly issued; that after the commencement of the action referred to and before the entry of judgment, a writ of attachment was regularly issued and served upon the respondent herein; that respondent made answer to the garnishment, returning to the sheriff that it was not indebted to nor was it holding any properties or moneys of the said Henningsen. From the facts

further found it appears that in August, 1911, Henningsen had owing to him from one Martin a sum of money amounting to three thousand seven hundred dollars, evidenced by a promissory note; that this note was then in possession of respondent, and Henningsen instructed respondent to collect the amount due from Martin on the note and deliver certain certificates of stock to Martin in connection with the same transaction; that respondent did deliver the stock to Martin and accepted in payment a certified check drawn upon the First National Bank of Pasadena payable to the order of Martin; that the said check was collected by respondent bank in the due course of business from the First National Bank of Pasadena. It was while this certified check was in the hands of respondent bank that the garnishment process was served. After collecting the amount represented by the certified check, respondent applied of the proceeds thereof the sum of $2146.34 immediately in extinguishment of an indebtedness owing by Henningsen to it, and thereafter it honored an overdraft drawn by Henningsen in the sum of one thousand dollars and charged the same against the balance of the credit made in Henningsen's favor upon the collection of the certified check, leaving on open account a credit balance of $553.66, which was afterwards paid over to Henningsen.

It is contended that the complaint did not state facts sufficient to state a cause of action in that the allegation showing the facts as to the service of the writ of attachment was not complete. We think the complaint did, in the absence of a special demurrer, state sufficient facts to sustain a cause of action on behalf of appellant. It was alleged: "That summons and writ of attachment were duly issued; that thereafter on the said date the plaintiff caused the said writ of attachment to be served and said writ of attachment was on said date duly served upon said defendant banking corporation." In the answer of respondent there was no denial of this allegation, that portion of the answer referring thereto being worded as follows: "Defendant denies that at the time of the service upon it of the writ of attachment in the complaint mentioned it had in its hands, or in its possession, moneys subject to check by or order of R. M. Henningsen. . . ." The chief point relied upon by respondent to sustain the judgment of the court as entered is that it did not appear from the findings of the court that at the time of the service

of the process of garnishment respondent had in its hands or under its control any money or property belonging to Henningsen, or that it was indebted to him in any amount. This contention, we think, cannot be sustained. It appears from the facts as found that Henningsen directed the respondent bank to deliver the certificates of stock and satisfy a debt owing to him by Martin when it should receive the amount of money represented in Martin's promissory note. The bank, then, when it accepted the certified check accepted the same as cash and it would have been estopped as against the claim of Henningsen to deny that it had collected the debt for his credit. It seems to be the rule that where an agent or trustee receives an evidence of indebtedness on account of its principal instead of money, by the express authority of its principal, then it might properly answer, as did this bank, that it was not indebted to the principal in any amount. In this case, however, as has been pointed out, respondent at its own risk accepted as cash the certified check, and it must be held to have immediately become indebted to Henningsen in the amount which that check represented. As sustaining this view are the cases of *Hancock* v. *Colyer*, 99 Mass. 187, [96 Am. Dec. 730] ; *Knight* v. *Bowley*, 117 Mass. 551. There is no contention but that the bank had the right to offset against the proceeds of the certified check any matured indebtedness owing to it by Henningsen, but it appears that the last amount of overdraft, to wit, the sum of one thousand dollars, had not accrued at the time of the service of the garnishment. Its liability to appellant was, therefore, the sum of $1553.66.

The judgment is reversed, with directions to the trial court to enter, upon its findings of fact as made, judgment in favor of appellant in the sum of $1553.66, and that appellant have its costs incurred upon this appeal.

Conrey, P. J., and Shaw, J., concurred

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 2, 1914.