CHARLES E. KOONTZ *vs.* BALTIMORE AND OHIO RAILROAD
COMPANY & trustee.

Suffolk.    January 11, 1915. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Jurisdiction.    Corporation,* Foreign.    *Trustee Process.    Attachment,* Of rolling stock.    *Railroad.*

In an action against a foreign railroad corporation begun by trustee process, if there has been no personal service on the defendant and no direct attachment of property of the defendant, a valid judgment can be entered only against the property attached by trustee process, and, if the alleged trustee is not chargeable, the case must be dismissed.

In determining the question whether an alleged trustee in an action begun by trustee process is chargeable under R. L. c. 189, §§ 9–17, where no interrogatories to the trustee have been filed the answer of the alleged trustee must be taken as true.

In an action against a foreign railroad corporation, which was an interstate carrier, freight cars that were the property of the defendant were attempted to be

attached by trustee process in the possession of a Massachusetts railroad corporation, which also was an interstate carrier and which had received and retained the cars and at the time of the alleged attachment actually was making use of them under an arrangement with the defendant that gave the alleged trustee the right to despatch them to the place of destination on its own lines and the right to use the empty cars for carrying freight between different points on its own road and on the lines of other railroad companies directly or indirectly connected with the railroad of the defendant upon the payment of fixed daily charges so long as any of the cars remained on tracks that the alleged trustee owned or controlled. *Held,* that the Massachusetts corporation was not chargeable as trustee as to the cars of the defendant thus in its possession, and that it was unnecessary to determine whether the attachment was invalid by reason of a failure of the plaintiff to comply with the provisions of R. L. c. 167, § 39, relating to the attachment of railroad cars in use in making regular passages.

TORT by an employee of the Baltimore and Ohio Railroad Company, a corporation organized under the laws of the State of Maryland and alleged to have a usual place of business in Boston, against such employer for personal injuries sustained by the plaintiff in Maryland or in the State of Pennsylvania, of which he was an inhabitant. Writ dated September 16, 1913.

The action was begun by trustee process. Service was attempted to be made on the defendant by serving on the commissioner of corporations of Massachusetts and by summoning as trustee the New York, New Haven, and Hartford Railroad Company, a corporation organized under the laws of the Commonwealth of Massachusetts and having a usual place of business in Boston.

The portion of the officer's return on the writ material to the case was as follows: ". . . and on the same day I attached a chip as the property of the within named defendant corporation, The Baltimore & Ohio Railroad Company, and subsequently on the same day I summoned said defendant to appear and answer at court as within directed, by leaving at the office of the commissioner of corporations in and for this commonwealth, as the true and lawful attorney, upon whom service of process for said corporation may be made, an attested copy of this writ and the statute fee of two dollars."

The defendant appeared specially and filed a motion to dismiss the action and a plea in abatement on the grounds of insufficient service upon the defendant, because there was no effectual attachment of the defendant's property, and because it did not

appear from the face of the proceedings that the defendant was in any way subject to the jurisdiction of the court.

The answer of the alleged trustee admitted that at the date of service the trustee, which was an interstate carrier, had in its possession one hundred and twenty-seven freight cars that were the property of the defendant, which also was engaged in interstate commerce, and alleged that other than this the alleged trustee did not have in its possession any goods, effects or credits of the defendant. The terms and conditions under which the cars of the defendant were in the possession of the alleged trustee at the time of the service of the writ are stated in the opinion.

In the Superior Court the case came on to be heard before *Pierce*, J., upon the defendant's motion to dismiss the action and the trustee's motion to be discharged, the defendant having waived its answer in abatement. At the hearing on these motions neither party offered evidence of any facts other than those that were stated in the pleadings or in the alleged trustee's answer. The judge ruled that the defendant's motion to dismiss the action should be allowed, and that the trustee's motion to be discharged should be denied. Being of opinion that these orders ought to be determined by this court before any further proceedings in the Superior Court, the judge at the request of the parties reported the case for such determination.

*C. Toye*, for the plaintiff, submitted a brief.

*F. Foster*, for the Baltimore and Ohio Railroad Company.

*J. L. Hall*, for the New York, New Haven, and Hartford Railroad Company.

BRALEY, J. The amended return on the writ having been insufficient to show any personal service on the defendant, a foreign corporation, described in the writ as having a usual place of business at Boston in this Commonwealth, the court could not enter judgment against the company, which has appeared specially for the purpose of pleading in abatement or to move that the action be dismissed. St. 1903, c. 437, § 62. R. L. c. 170, § 1. *Eliot* v. *McCormick*, 144 Mass. 10. *Needham* v. *Thayer*, 147 Mass. 536. *Kimball* v. *Sweet*, 168 Mass. 105. *Roberts* v. *Anheuser Busch Brewing Association*, 215 Mass. 341, 343. *Lawrence* v. *Bassett*, 8 Allen, 140. *Crosby* v. *Harrison*, 116 Mass. 114. But, as the action

was begun by trustee process, the court, if the trustee is charged, can enter a valid judgment against the property attached. *Sprague* v. *Auffmordt*, 183 Mass. 7.  *Lowrie* v. *Castle*, 198 Mass. 82.  R. L. c. 170, §§ 1, 6.

The question whether the alleged trustee should be charged depends upon its answer, which is to be taken as true, as no interrogatories have been filed.  R. L. c. 18C, §§ 9–17.  *Fay* v. *Sears*, 111 Mass. 154.  *Corsiglia* v. *Burnham*, 189 Mass. 347.

To maintain an effectual attachment there must be at the date of service a subsisting cause of action which the debtor can enforce against the trustee in his own name, or the debtor must have entrusted to or deposited with the trustee specific goods or effects.  *Wart* v. *Mann*, 124 Mass. 586.  *Casey* v. *Davis*, 100 Mass. 124.  *Howland* v. *Wilson*, 9 Pick. 18.

It is expressly stated in the answer, that at the date of service the trustee, an interstate railroad company, had in its possession a large number of freight cars that were the property of the defendant, also engaged in interstate commerce.  The cars, if subject to garnishment, were undoubtedly goods or chattels within the meaning of R. L. c. 189, §§ 12, 13, 19.  *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373.  *Rosenbush* v. *Bernheimer*, 211 Mass. 146.  See also Sts. 1905, c. 324; 1910, c. 214, §§ 23, 24; c. 559, § 3.  If received here and to be returned in the ordinary course of business, we should hesitate to say that under no circumstances cars of a foreign railroad company would not be subject to attachment under our laws because the attachment temporarily might interfere with interstate commerce or with the provisions of U. S. Rev. Sts. § 5258, securing continuity of interstate transportation.  *Davis* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway*, 217 U. S. 157.  *Simpson* v. *Shepard*, 230 U. S. 352, 410.  *International Harvester Co.* v. *Kentucky*, 234 U. S. 579, 588.  *DeRochemont* v. *New York Central & Hudson River Railroad*, 75 N. H. 158.  *Southern Flour & Grain Co.* v. *Northern Pacific Railway*, 127 Ga. 626.  Compare *Connery* v. *Quincy, Omaha & Kansas City Railroad*, 92 Minn. 20, *Wall* v. *Norfolk & Western Railway*, 52 W. Va. 485, and *Seibels* v. *Northern Central Railway*, 80 S. C. 133.  Doubtless the compulsory enforcement of a legal right by due process of law may result in

a temporary interference with the carrier's business, but this was held in *Martin* v. *West,* 222 U. S. 191, 197, not to offend against the commerce clause of the Constitution.

The trustee, however, received and retained the cars under an arrangement or agreement with the defendant which gave it the right to despatch them to the place of destination on its own lines, instead of transferring the freight to its own cars for further and final transportation. It also could use the empty cars for the carrying of freight between different points on its own road, and on the lines of other railroad companies directly or indirectly connected with the railroad of the owner of the cars, upon payment of fixed daily charges, so long as any car remained on tracks that the trustee owned or controlled. The cars thus became for the time being part of its equipment, and compensation therefor ceased only when they passed out of the trustee's possession and control. *Foster* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 21. *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491. If the trustee is chargeable, it must retain actual possession so that the cars can be seized on execution. *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373, 376. And if this precaution is not taken it would be answerable for their value, but not to exceed the amount of the judgment. R. L. c. 189, §§ 57–65. *Cornell* v. *Mahoney,* 190 Mass. 265, 266. *Thompson* v. *King,* 173 Mass. 439. The bailment cannot be said to be in violation of any rule of public policy to which common carriers of freight should conform. And upon the further statement in the answer, that the cars were in actual use under the agreement at the time of service and that to carry on its business as a carrier of property independently of the arrangement would be practically impossible, the trustee ought not to be subjected to the expense of unloading and redistribution of their contents, or to the pecuniary loss from interference with the use of the cars which would be incurred if, having been emptied, they were collected and retained unused to await the result of the litigation. *Van Camp Hardware & Iron Co.* v. *Plimpton,* 174 Mass. 208. *Cox* v. *Central Vermont Railroad,* 187 Mass. 596, 609.

The trustee not being chargeable, it becomes unnecessary to determine whether the attachment was invalid because of the plaintiff's failure to comply with the provisions of R. L. c. 167,

§ 39, relating to the attachment of railroad cars in actual use making regular passages.

The order of dismissal is affirmed, and the motion of the trustee to be discharged is granted.

*So ordered.*