ABRAHAM T. ALPER, receiver, *vs.* LOUISE G. MACPHERSON
& others
(and a companion case [1]).

Suffolk.   May 11, 1945. — June 26, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Equity Jurisdiction*, To reach and apply. *Attachment. Equity Pleading
and Practice*, Suit to reach and apply.

Neither G. L. (Ter. Ed.) c. 223, § 86A, nor c. 214, § 3 (7), gave authority
to a court of equity to direct the sale of corporate stock of a fluctuating
value and speculative character held under equitable attachment in a
suit under said § 3 (7) to reach and apply it to the satisfaction of a
debt alleged to be due the plaintiff, where it appeared that, although,
after a hearing on the merits, a decree had been entered for the plain-
tiff establishing the debt, appeals therefrom were pending and had
not been heard.

TWO BILLS IN EQUITY, filed in the Superior Court on
October 30 and 31, 1940, respectively.

The motions described in the opinion were heard by
*Donahue*, J.

*Lee M. Friedman*, for the plaintiff.

*M. T. Hall*, for the defendant James E. MacPherson.

WILKINS, J.   The plaintiff, the receiver of Framingham
Garage, Inc., brought two bills in equity to determine the
indebtedness of the defendant James E. MacPherson (here-
inafter called the defendant) and to reach and apply certain
shares of capital stock.   G. L. (Ter. Ed.) c. 214, § 3 (7).
From decrees aggregating nearly $17,000 in favor of the
plaintiff, the defendants appealed, but the appeals have
not reached this court.   On April 4, 1945, the plaintiff filed
in the Superior Court in each case a "motion to turn securi-
ties into cash."   The motions, which are substantially
identical, recite that "whereas in part the security to which

---

[1] The companion case is by the same plaintiff against Helen F. Howard
and others.

the plaintiff must look for the satisfaction of his judgment consists of sixteen hundred forty . . . shares of the preferred stock of Consolidated Film Industries, Inc., now in the hands of the defendant Framingham National Bank together with other securities as collateral to a loan, which shares are highly speculative and of a fluctuating value, having, as appears from . . . the master's report filed in this case, sold as low as . . . $4.25 . . . in October, 1937, and . . . $4.50 . . . in March, 1938, and having in the year 1944, sold on the New York Stock Exchange at prices ranging from a low of . . . $16\frac{5}{8}$ . . . to a high of . . . $30\frac{1}{4}$ . . . and at present selling at approximately . . . $30 . . . per share, the plaintiff now moves that under and by virtue of the provisions of G. L. (Ter. Ed.) c. 223, § 86A, and other powers in this court vested, the court enter an order, directing that said shares be sold and that the proceeds thereof be held by the defendant Framingham National Bank subject to its own lien in lieu of and in substitution for said shares to await the final disposition of this action." A judge "denied the motions not as matter of discretion but as matter of law," and reported "the questions raised by the motions" to this court. G. L. (Ter. Ed.) c. 231, § 111. The reports state, "At the hearing before me, the facts stated in said motions not being disputed, it further appeared that the indebtedness of the defendant James E. MacPherson to the bank was in excess of $30,000 and that securities in the hands of the bank, including the shares of stock described in the motion were held under preliminary injunction issued by this court upon the bills to reach and apply in these two proceedings."

There is no basis for the motions in G. L. (Ter. Ed.) c. 223, § 86A (first enacted in 1925), which provides in part: "Upon motion of the plaintiff at any time after a verdict has been rendered or a finding of liability or otherwise made in his favor in any action at law in the superior court, or after a finding in his favor fixing the amount of an unliquidated claim has been made in a suit in equity in the supreme judicial or superior court, and before final judgment or decree therein, such court shall thereupon have jurisdic-

tion in equity by appropriate procedure and process to cause to be reached, held and thereafter applied in payment of any judgment or decree in his favor in such action or suit the same kind of property, right, title or interest, legal or equitable, of a defendant . . . which may be reached and applied under clauses (7) and (8) of section three of chapter two hundred and fourteen." The references to clauses (7) and (8) are respectively to "any property, right, title or interest, legal or equitable . . . which cannot be reached to be attached or taken on execution in an action at law" (first enacted in 1851) and to "shares or interests in corporations" (first enacted in 1910). By § 86A such property "after a finding" in the plaintiff's favor in a suit in equity may be "reached, held and thereafter applied in payment of any . . . decree." The fair import of the language is that the property shall be "held" until there is a final decree. There is nothing to indicate that before ultimate determination of his right the Legislature intended that a plaintiff with merely a lower court "finding" in his favor should be empowered to bring about a change in the character of the defendant's property so "held." In the cases at bar no property was "reached" following the findings in the plaintiff's favor. The capital stock had all been "reached" at the beginning of the suits which were brought under G. L. (Ter. Ed.) c. 214, § 3, reading in part: "The supreme judicial and superior courts shall have original and concurrent jurisdiction in equity of the following cases: . . . (7) Suits by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor . . . which cannot be reached to be attached or taken on execution in an action at law, although the property sought to be reached and applied is in the possession or control of the debtor independently of any other person or cannot be reached and applied until a future time or is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court."

The next question is whether the plaintiff is entitled to this remedy under G. L. (Ter. Ed.) c. 214, § 3, (7). "The

remedy provided by this statute often has been referred to as an equitable trustee process. It is a relief resting wholly upon the statute and not belonging to any branch of general chancery jurisprudence. . . . The relief afforded of reaching property not otherwise accessible by legal process is the single feature which renders proper its statutory classification under equity jurisdiction. In its essential nature the remedy thus afforded is the same as that given by the trustee process in an action at law. The same general principles have been applied in determining whether the equitable process lies as in deciding whether attachment could be made by trustee process in an action at law." *Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360, 362. See *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411; *Stockbridge* v. *Mixer,* 215 Mass. 415, S. C. 227 Mass. 501. Compare *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421.[1] "As attachment on mesne process prevailed in this Commonwealth, the Legislature . . . [followed] the analogy of trustee process in creating this new remedy for the collection of a debt." *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411, 417. "The statute is remedial in nature and should not be given a constricted interpretation. But on the other hand it should not be stretched to cover cases not within its fair import." *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, 120–121. Statutes relating to attachment upon mesne process are to be read in the light of custom and common practice, and are not to be construed so as to be "a surprise to the profession." *Smith* v. *Wenz,* 187 Mass. 421, 424. Such custom and practice do not support the plaintiff's position. In trustee process in an action at law "goods, effects or credits" from early times have been "attached and held to respond to the final judgment." See now G. L. (Ter. Ed.) c. 246, § 20. Likewise real and personal property when attached have been "held as security to satisfy such judgment as the plaintiff may recover." See now G. L. (Ter. Ed.) c. 223, § 42, as amended by St. 1937, c. 295, § 1. In the case of

---

[1] The same is true of § 3 (8). *McCarthy* v. *Rogers,* 295 Mass. 245, 246. *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 619.

attachment of tangible personal property since 1822 there has been a statutory exception allowing the sale of "animals or of goods which are liable to perish, waste or greatly decrease in value by keeping, or which cannot be kept without great and disproportionate expense." See now G. L. (Ter. Ed.) c. 223, § 88. "The authority to attach does not of itself give any authority to sell on original process, and before judgment and execution." *Coburn* v. *Clark,* 3 Allen, 207, 208. We have seen no case which is a precedent for the course the plaintiff seeks to follow. Receivership and bankruptcy cases where the property is eventually to be sold are readily distinguishable. Here until the plaintiff becomes eventually successful, there is no way of knowing whether he is entitled to have the defendant's interest sold. See *Stewart* v. *Love,* 3 Lea, 374. It is true that "the property, by judicial order, is charged with an equity for the security of the plaintiff, and is taken directly into the control of the court." See *Snyder* v. *Smith,* 185 Mass. 58, 62. But it is in the control of the court subject to the purpose intended by the statute. We do not think that it was the legislative intent to confer a broad equitable power to bring about an involuntary conversion of a defendant's stock into cash prior to final adjudication of a plaintiff's "claim." Compare *DeBeers Consolidated Mines, Ltd.* v. *United States,* 325 U. S. 212.

The result is that there was no error of law in the action of the trial judge in the matters reported.

*Decrees denying motions affirmed.*