GEORGE C. JORDAN, JUNIOR, *vs.* CLARENCE J. LAVIN.

Suffolk.    November 6, 1945. — March 27, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Trustee Process.   Collateral.   Set-off.   Waiver.   Estoppel.   Marshalling.
Attachment.   Words,* "Credit," "Goods," "Effects."

A trustee summoned in trustee process retains as against the plaintiff
every right which he had against the defendant.

The mere facts that a bank, payee of a collateral security note made by
one of its depositors, after service upon it of a writ in trustee process
against the depositor, drew a check payable to itself for the amount
of the balance in the depositor's account in order to close that account
and marked the check, "holding it for" the plaintiff, but without
communicating such acts to anyone, did not show that the bank waived
a right which it had had to hold the credit balance in the depositor's
account as security for payment of the note or that the bank was
estopped to rely on that right as against the plaintiff.

A credit balance in a checking account at a bank, which the bank, by
contract with the depositor, was entitled to hold as security for pay-
ment of an unmatured note given by him to it, was not due to the
depositor absolutely and without contingency and therefore was not,
within G. L. (Ter. Ed.) c. 246, § 20, a "credit" of the depositor at-
tachable by trustee process against the depositor as defendant and
the bank as alleged trustee.

The mere fact that collateral held by a creditor as security for payment
of the debt would be more than sufficient for that purpose if it were
liquidated and applied thereto did not show that the creditor had in
his hands a "credit" of the debtor attachable by trustee process under
G. L. (Ter. Ed.) c. 246, § 20.

A creditor holding several different kinds of collateral security for pay-
ment of the debt was entitled to hold all of them for that purpose,
and was not required to marshal them so as to leave any of them sub-
ject to attachment by trustee process brought by another creditor of
the same debtor.

Corporate bearer bonds and corporate stock, not being subject to seizure
on execution, are not, while in the possession of one other than their
owner, "goods" or "effects" of their owner subject to attachment
by trustee process under G. L. (Ter. Ed.) c. 246, § 20.

CONTRACT.   Writ in trustee process in the Municipal
Court of the City of Boston dated December 12, 1938.

The alleged trustee, Pilgrim Trust Company, was ordered

discharged by *Adlow*, J. A report to the Appellate Division was ordered dismissed, and the plaintiff appealed.

*W. A. Powers*, for the plaintiff.

*F. T. Leahy*, for Pilgrim Trust Company.

LUMMUS, J. The report shows that the defendant, Lavin, did business under the name of Buchanan & Co. He owed the Pilgrim Trust Company $3,000 upon a collateral note made by him dated November 16, 1938, which became due and payable on February 16, 1939. Lavin pledged as collateral security for the note security worth as much as $5,850, consisting of six corporate coupon bonds of the denomination of $1,000 each, payable to bearer, the principal of which was not yet due, and fifty shares of General Water, Gas and Electric Company $3 preferred stock. The note provided that "any moneys or other property at any time in the possession of the [Pilgrim Trust] Company belonging to any of the parties liable hereon to the Company, as maker or endorser or guarantor, and any deposits, balance of deposits, or other sums at any time credited by or due from the Company to any of said parties, may at all times at the option of the Company, be held and treated as collateral security for the payment of this note or any other liability of the maker hereof to the Company, whether due or not due, and the Company may at any time at its option set off the amount due or to become due hereon against any claim of any of said parties against the Company."

On December 12, 1938, the plaintiff by a writ in trustee process brought an action of contract against Lavin. The writ was served on the trustee Pilgrim Trust Company at 10:34 A.M. on December 13, 1938, and again on December 30, 1938. At the time of the first service Lavin had on deposit with the Pilgrim Trust Company, subject to check, a balance of $1,659.12. Later on December 13, 1938, the Pilgrim Trust Company drew a check payable to itself for said balance in order to close Lavin's checking account, and marked the check "holding it for Mr. Jordan," meaning the plaintiff, but so far as appears did not communicate these facts to anyone. No further change in the situation

took place before the second service of the writ on the Pilgrim Trust Company on December 30, 1938. Later on the same day, December 30, 1938, Lavin wished to pay the note, and with his consent the Pilgrim Trust Company applied the balance of $1,659.12 toward payment of the note, and Lavin paid in money the remaining sum due upon the note, receiving back the bonds and stock constituting the collateral.

The plaintiff obtained a finding in his favor against Lavin for $2,564.83, on which nothing has been paid. The judge ordered the trustee Pilgrim Trust Company discharged, and reported the case to the Appellate Division, which dismissed the report. The plaintiff appealed to this court.

The plaintiff rightly concedes that under the terms of the collateral note the Pilgrim Trust Company had the right to hold the credit balance of $1,659.12 as additional security for the note, even though apart from those terms it would have had no such right and no right of set-off. See *Forastiere* v. *Springfield Institution for Savings*, 303 Mass. 101, 104; *Mohan* v. *Woburn National Bank*, 313 Mass. 306, 309. A trustee summoned in trustee process retains as against the plaintiff every right that he had against the defendant, for the attachment is not permitted to place the alleged trustee in a worse position than the one he occupied before the attachment. G. L. (Ter. Ed.) c. 246, § 26. *Fuller* v. *O'Brien*, 121 Mass. 422. *O'Brien* v. *Collins*, 124 Mass. 98. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. *Koontz* v. *Baltimore & Ohio Railroad*, 220 Mass. 285. *MacAusland* v. *Fuller*, 229 Mass. 316, 319. *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 187, 188. *Allin* v. *Georgas*, 296 Mass. 70, 72. The exercise by the Pilgrim Trust Company of its right to hold the credit balance as additional security would put that balance on the same footing as the bonds and stock.

The plaintiff contends that by closing Lavin's account by drawing a check payable to itself, with the notation that the credit balance thus taken into its hands was held "for" the plaintiff, the Pilgrim Trust Company lost the right to

take and hold that credit balance as additional security. The notation was true, subject to that right. There is no evidence that the Pilgrim Trust Company, having that right in mind, intended to waive it, and the order of the trial judge implies that no waiver was found. See *Niagara Fire Ins. Co.* v. *Lowell Trucking Corp.* 316 Mass. 652, 657. There could be no estoppel, since there is no evidence that the notation was communicated to anyone. We think that the right of the Pilgrim Trust Company to take that credit balance as additional security, and to use it in set-off, as it did on December 30, 1938, remained unimpaired.

That credit balance, under the circumstances, did not constitute a "credit" attachable by trustee process, under G. L. (Ter. Ed.) c. 246, § 20. "Credit" is the correlative of debt (*Wilde* v. *Mahaney*, 183 Mass. 455; *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118), and in order for a "credit" to exist at the time of the service of the writ on the alleged trustee that is attachable by trustee process, there must be money due, though not necessarily payable, from the trustee to the defendant, absolutely and without contingency.[1] So long as the Pilgrim Trust Company retained the right to take or hold that credit balance as collateral security it could not be said to be due to Lavin absolutely and without any contingency.

The mere possession and control of choses in action or other property sufficient, when collected or liquidated, to pay off any debt to the alleged trustee, and to result in a "credit" in favor of the defendant, is not a present "credit" attachable by trustee process.[2]

---

[1] G. L. (Ter. Ed.) c. 246, §§ 24, 32, Fourth. *Robinson* v. *Hall*, 3 Met. 301. *Field* v. *Crawford*, 6 Gray, 116. *Bennett* v. *Caswell*, 7 Gray, 153. *Wood* v. *Buxton*, 108 Mass. 102. *Potter* v. *Cain*, 117 Mass. 238. *Massachusetts National Bank* v. *Bullock*, 120 Mass. 86. *O'Brien* v. *Collins*, 124 Mass. 98. *Godfrey* v. *Macomber*, 128 Mass. 188. *Fellows* v. *Smith*, 131 Mass. 363. *Peterson* v. *Loring*, 135 Mass. 397. *Hooker* v. *McLennan*, 236 Mass. 117. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300. *Highland Trust Co.* v. *Slotnick*, 289 Mass. 119. *Banionis* v. *Lake*, 289 Mass. 146. *Cataldo* v. *Woodside*, 295 Mass. 586. *Godfrey Coal Co.* v. *Gray*, 296 Mass. 323. *Acushnet Saw Mills Co.* v. *St. Pierre*, 316 Mass. 621.

[2] *Lupton* v. *Cutter*, 8 Pick. 298. *Gore* v. *Clisby*, 8 Pick. 555. *Meacham* v. *McCorbitt*, 2 Met. 352. *Lane* v. *Felt*, 7 Gray, 491. *Hancock* v. *Colyer*, 99 Mass. 187. *Knight* v. *Bowley*, 117 Mass. 551. *Massachusetts National Bank* v. *Bullock*, 120 Mass. 86. *McCann* v. *Randall*, 147 Mass. 81, 95. *Moors* v. *Goddard*, 147 Mass. 287. *Boston Sheridan Co.* v. *Sheridan Motor Car Co. Inc.* 244 Mass. 425.

The Pilgrim Trust Company, holding three kinds of collateral security, the bonds, the stock, and the credit balance, was entitled to hold all until payment, and was not required to marshal them so as to leave any of them subject to the trustee process. Trustee process is a legal remedy, not an equitable one, and the equitable doctrine of marshalling (*Broadway National Bank* v. *Hayward*, 285 Mass. 459; *James Stewart & Co. Inc.* v. *National Shawmut Bank,* 291 Mass. 534, 556, 557) is not applied in it. *Lupton* v. *Cutter,* 8 Pick. 298. *Gore* v. *Clisby,* 8 Pick. 555. *Tucker* v. *Clisby,* 12 Pick. 22. *Sanford* v. *Bliss,* 12 Pick. 116. *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 145, 157.

The plaintiff contends that the bonds and stock constituted "goods" and "effects" of Lavin attachable by trustee process. G. L. (Ter. Ed.) c. 246, § 20. Those words require actual possession by the alleged trustee, at the time of service upon him, of chattels belonging to the defendant, which the trustee can hold for the plaintiff, and after judgment and execution in favor of the plaintiff, can expose to the officer to be seized upon the execution. G. L. (Ter. Ed.) c. 246, §§ 57–64.[1] Unless a chattel could ultimately be seized on the execution, and sold, it would be futile and therefore legally impossible to attach it by trustee process.

In this Commonwealth a promissory note or draft, though payable to bearer, made or accepted by a third person, is not regarded as a chattel that can be seized on execution or that constitutes "goods" or "effects" attachable by trustee process. This was declared by Field and W. Allen, JJ., in their dissenting opinion in *McCann* v. *Randall,* 147 Mass. 81, 94, 95, and was not gainsaid by the majority who gave relief in equity to reach a draft because it could not be reached at law. In *Perry* v. *Coates,* 9 Mass. 537 (compare on the facts *Morrill* v. *Brown,* 15 Pick. 173), it was held

---

[1] *Maine Fire & Marine Ins. Co.* v. *Weeks,* 7 Mass. 438. *Perry* v. *Coates,* 9 Mass. 537. *Clark* v. *Brown,* 14 Mass. 271. *Andrews* v. *Ludlow,* 5 Pick. 28. *Lupton* v. *Cutter,* 8 Pick. 298, 304. *Morrill* v. *Brown,* 15 Pick. 173, 176. *Bottom* v. *Clarke,* 7 Cush. 487. *Lane* v. *Felt,* 7 Gray, 491. *Adams* v. *Scott,* 104 Mass. 164. *Van Camp Hardware & Iron Co.* v. *Plimpton,* 174 Mass. 208. *Clark* v. *Williams,* 190 Mass. 219, 222, 223. *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373. *Koontz* v. *Baltimore & Ohio Railroad,* 220 Mass. 285, 289.

that trustee process could not reach uncollected bills or notes negotiable by delivery, for they could not be taken on execution. "Choses in action cannot be taken and sold on execution and therefore are not liable to attachment." *Lupton* v. *Cutter*, 8 Pick. 298, 303. *Grosvenor* v. *Farmers & Mechanics Bank*, 13 Conn. 104. While coin may be seized on execution (*Knowlton* v. *Bartlett*, 1 Pick. 271; *Sheldon* v. *Root*, 16 Pick. 567; *Thompson* v. *Brown*, 17 Pick. 462; *Eastman* v. *Eveleth*, 4 Met. 137, 147; *Maxwell* v. *McGee*, 12 Cush. 137; *H. E. Shaw Co.* v. *Karcasinas*, 278 Mass. 397, 400; Rev. Sts. [1836] c. 97, § 20; G. L. [Ter. Ed.] c. 235, § 32), it was not until Rev. Sts. (1836) c. 97, § 21, now G. L. (Ter. Ed.) c. 235, § 33, that bank notes circulated as money might be taken on execution. That statute has no application to the bonds in question, for though negotiable by delivery they obviously do not circulate as money. It is true that many such bonds, due perhaps at a remote future time, are commonly bought and sold in the market on the basis of their present value, but so to a lesser but still substantial extent are the promissory notes of many business concerns. Many corporate bonds have no ascertainable market value, and could not be sold on execution except at a nominal price bearing little relation to actual worth. Nothing in our statutory law indicates an intention to make bonds like those in question subject to seizure on execution. We think that they are not subject, as are ordinary tangible chattels, to such seizure. *Tweedy* v. *Bogart*, 56 Conn. 419. *Smith* v. *Kennebec & Portland Railroad*, 45 Maine, 547. *Bowker* v. *Hill*, 60 Maine, 172, 175. 4 Am. Jur., Attachment & Garnishment, § 354.

Likewise corporate stock is not attachable by trustee process, though once it was (*Vantine* v. *Morse*, 104 Mass. 275), because under the present law it could not be seized and sold on the execution. By St. 1910, c. 171, § 13, and c. 531, §§ 1, 2, all statutes authorizing the attachment or seizure on execution of corporate shares were repealed, and a remedy in equity to reach and apply such shares was substituted. G. L. (Ter. Ed.) c. 214, § 3 (8); c. 215, § 6A; c. 223, § 71. *Rioux* v. *Cronin*, 222 Mass. 131. *Leavitt* v.

*Dimond,* 227 Mass. 216. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279. *McCarthy* v. *Rogers,* 295 Mass. 245. *Alper* v. *MacPherson,* 318 Mass. 433.

If the bonds and stock had been attachable by trustee process, we might have been required to consider the effect, if any, of the failure of the plaintiff to make to the Pilgrim Trust Company any tender of payment of the note. G. L. (Ter. Ed.) c. 246, §§ 60–64. *Thompson* v. *King,* 173 Mass. 439. *New England Marine Ins. Co.* v. *Chandler,* 16 Mass. 275. *Burlingame* v. *Bell,* 16 Mass. 318. *Badlam* v. *Tucker,* 1 Pick. 389. *Smith* v. *Stearns,* 19 Pick. 20, 23. *Graves* v. *Walker,* 21 Pick. 160. *Clark* v. *Williams,* 190 Mass. 219, 222, 223. *Athol Savings Bank* v. *Bennett,* 203 Mass. 480, 487.

*Order dismissing report affirmed.*