**UNITED CO-OPERATIVE FARMERS, Inc.**

v.

**Eino AKSILA et al.**

**Civ. A. No. 56-627.**

United States District Court
D. Massachusetts.

Oct. 10, 1957.

Irvin E. Erb, Fitchburg, Mass., for plaintiff.

James G. Walsh, Jr., Widett & Kruger, Boston, Mass., for defendant.

Samuel Green, Green, Green, Romprey & Sullivan, Manchester, N. H., for South End Grain.

Isadore A. Solomon, Leominster, Mass., for Garelick & Libby.

WYZANSKI, Dictrict Judge.

This is an action of interpleader brought pursuant to Title 28 U.S.C. § 1335. All the material facts have been covered by an agreed statement in writing together with agreed statements made in open court.

June 5, 1956 Aksila requested United Co-operative Farmers, Inc. to purchase chickens in his possession. On August 17, 1955 Aksila had given a chattel mortgage on these chickens to South End Grain, Inc. to secure a debt. This mortgage had been duly recorded. For reasons which will hereafter appear, it is unnecessary to state whether this mortgage covered subsequent indebtedness as well as prior indebtedness of Aksila to South End. In any event on June 5, 1956 Aksila was indebted to South End in a net amount exceeding $4,000.

United refused to buy the chickens from Aksila unless South End agreed. The agreement made among United, Aksila, and South End was that Aksila would deliver the chickens and United would pay not Aksila individually but Aksila and South End jointly by a check for $3,687.92 made out to them jointly. Simultaneously, South End and Aksila agreed that the check should belong exclusively to South End. Thus, in effect, Aksila agreed to sell chickens to United in return for United's promise to give a check to South End.

Thereafter in the belief that United had an obligation to pay money to Aksila two of Aksila's creditors, Libby and Garelick, respectively served trustee process writs upon United.

■ Being in doubt as to who had a right to the $3,687.92, United, a Massachusetts corporation, filed in this Court this bill of interpleader and deposited $3,687.92 in court. The pleading and evidence showed that the four adverse claimants to the funds were Aksila, a Massachusetts citizen, South End, a New Hampshire corporation, Libby, a Maine citizen, and Garelick, a Rhode Island citizen. Hence jurisdiction existed under Title 28 U.S.C. § 1335.

United's counsel claims that in connection with advising his client, filing pleadings in this Court, and appearing in this Court, he and his associates rendered professional services fairly valued at $1,600 and incurred expenses of $114.40. Plaintiff United asks to be discharged from this case and to receive an attorney's fee and costs and further prays that the $3,687.92 fund be turned over to the proper party.

■ Despite the multiplicity of interests here involved the issues of law are simple. What we have in effect is an agreement by A to sell his chickens to B if B will pay C. Creditors of A seek to apply in satisfaction of their claims against A the funds which B has agreed to pay C. This they are not permitted to do under any Massachusetts statute or decision of which I am aware. The Massachusetts law allows trustee process to reach "money * * * due to the defendant absolutely" Mass.G.L. c. 246, § 24. See Jordan v. Lavin, 319 Mass. 362, 365, 66 N.E.2d 41. It does not reach money due to a third person pursuant to a promise made to defendant. And as Williston, Contracts, (Rev.Ed.) § 362, p. 1058 states "Obviously a promise to pay a debt due from the promisee to a third person cannot be taken on an execution against the promisee, nor be the subject of garnishment."

It follows from this analysis that as against other claimants, South End is entitled to the deposit in court.

■ There remains for consideration United's claim for costs and attorney's fees. Jurisdiction to award such items within the discretion of the Court is given by Title 28 U.S.C. § 2361. See Mutual Life Insurance Company v. Bondurant, 6 Cir., 27 F.2d 464, 466. But the Court is entitled to scrutinize all the circumstances surrounding the interpleader's complaint in determining whether to allow anything to the plaintiff, if so, how much, and against what

**120**

fund. See, for example, Eagle Star & British Dominions v. Tadlock, D.C.S.D. Calif., 22 F.Supp. 545, 549; Kohler v. Kohler, 9 Cir., 104 F.2d 38; 3 Moore's Federal Practice, 2nd Ed., paragraph 22.16.

█ The case at bar does not present facts which suggest that plaintiff is entitled to a large award for counsel fees and costs. The plaintiff deliberately made a contract under which it undertook to make payment to two separate parties, without endeavoring to ascertain their respective interests. So far as appears Aksila and South End would have at once disclosed that the full amount belonged to South End. At any rate for a long period of time it has been clear that Aksila did not claim and does not now claim that he is entitled to any part of the $3,687.92. Both he and South End take the position that at the very time that United agreed to make out the check to them jointly Aksila and South End agreed that the entire proceeds should be used in partial satisfaction of Aksila's debt to South End. Once United learned those facts, it was hornbook law that Aksila's creditors could not reach either the check or United's debt to Aksila and South End. If United was not satisfied with its inquiry into the facts and the law, it, of course, had a right to file a bill of interpleader. But on so simple a case it seems hardly just to make South End bear much of the burden of United's counsel fees and costs. On the whole, it seems sufficient to allow United its costs in this Court and $50 additional counsel fees. The balance is to be paid to South End. Plaintiff is to have the injunction for which it prays.